# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BERNARD EARL WHEAT,<br><br>Defendant. | No. CR96-4033-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

_____

## *I. INTRODUCTION AND FACTUAL BACKGROUND*

In a six count second superseding indictment returned on October 29, 1996, defendant Bernard Earl Wheat and ten co-defendants were charged with one or more federal offenses, ranging from conspiracy to distribute and possess marijuana, cocaine, and methamphetamine, in violation of 21 U.S.C. § 21, to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) , to being a felon in possession of a firearm that has been transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

On June 11, 1996, defendant Wheat pleaded guilty to one count of possessing methamphetamine with intent to distribute. The court allowed defendant Wheat to remain free on bond pending sentencing. At his sentencing, the court granted defendant Wheat's motion for downward departure for overstatement of his criminal history score. Defendant Wheat was sentenced to 151 months incarceration. Defendant Wheat did not appeal his sentence or conviction.

Pursuant to 28 U.S.C. § 2255, defendant Wheat filed a *pro se* Motion To Vacate,

Set Aside Or Correct Sentence. Defendant Wheat has subsequently amended his § 2255 motion three times. Defendant Wheat raised the following claims in his § 2255 motion and his amendments: that his counsel was ineffective for failing to raise issues under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); that the court improperly enhanced his sentence in light of the *Apprendi* decision; that his counsel was ineffective for failing to seek to exclude testimony of government witnesses because they received leniency on criminal charges they faced for their cooperation; that the court lacked jurisdiction because the Controlled Substances Act of 1970, 21 U.S.C. §§ 801-904, constitutes an unconstitutional delegation of power under the Commerce Clause; that his conviction was in violation of the Double Jeopardy Clause because the State of Iowa had previously pursued a forfeiture action against him; that the drug quantity used to calculate his sentence was incorrect; that the government improperly amended the indictment and the government manipulated the charge to increase the length of his sentence; that his counsel was ineffective for failing to advise the court of his behavior while on pretrial release as a ground for a downward departure in his sentence; and, that his counsel was ineffective in not objecting to the two level enhancement for possession of a firearm in connection with the drug offense. On September 16, 2002, the court denied defendant Wheat's Motion To Vacate, Set Aside Or Correct Sentence.

Defendant Wheat has now filed a second § 2255 motion, the motion currently before the court. In his current § 2255 motion, Wheat asserts several claims that the sentencing procedure used in this case was in violation of Article III, as well as the Fifth and Sixth Amendments to the United States Constitution. If it plainly and conclusively appears from the face of a § 2255 motion and the files and records of the case that the moving defendant is not entitled to any relief, the court shall summarily dismiss the motion. 28 U.S.C. § 2255; Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States

District Courts.

## II.  LEGAL ANALYSIS

Section 2255 requires petitioners to seek approval from the court of appeals to file a second or successive petition.  *See* 28 U.S.C. §§ 2244, 2255.  This court must dismiss for lack of subject matter jurisdiction any successive petition that is filed without the Eighth Circuit Court of Appeals's permission.  *See Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. Oct. 30, 2000) (unpublished decision).

Here, in his second § 2255 motion, Wheat proceeded directly to this district court, bypassing the certification requirement.  Because Wheat failed to comply with the certification requirement, this court lacks the power and authority to entertain his motion.  *Id*.  The court, therefore, dismisses Wheat's motion for lack of jurisdiction. *Id*.

**IT IS SO ORDERED.**

**DATED** this 4th day of September, 2007.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

3